IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEVIN VASHUN HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02690-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| OFFICER WHITE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER MODIFYING THE DOCKET,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
AND GRANTING LEAVE TO AMEND**

On September 14, 2020, Plaintiff Kevin Vashun Harrington, who is presently incarcerated under booking number 18121533 at Shelby County Criminal Justice Center (SCCJC) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On September 16, 2020, the Court granted his motion to proceed as a pauper. (ECF No. 4.)

The claims in Harrington's complaint comprise only two sentences: "I was returned to my cell. To date, I haven't seen a dr." (ECF No. 1 at PageID 2.) His complaint appends two documents (the Exhibits): (1) an incident summary report by Officer White regarding Harrington's August 16, 2020 verbal threats and physical aggression against White at SCCJC (the Incident) (ECF No. 1-1 at PageID 4); and (2) a SCCJC disciplinary panel report dismissing assault and disobedience charges against Harrington as "not supported by [surveillance] footage." (ECF No. 1-1 at PageID 3.) Harrington's § 1983 complaint names as Defendants: Officer Harrington; and

Shelby County Sheriff's Office.  (ECF No. 1 at PageID 1.)  Plaintiff seeks: (1) White's employment termination; and (2) $500,000.

The Clerk shall modify the docket to add (1) Shelby County Sheriff's Office and (2) Shelby County as Defendants.

## I.   LEGAL STANDARDS

### A.   Screening Requirements

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

2

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**B.     Requirements To State A Claim Under 42 U.S.C. § 1983**

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**II.    ANALYSIS**

**A. Claims Against The SCSO**

Harrington names the Shelby County Sheriff's Office as a Defendant. (ECF No. 1 at PageID 1.) However, the Sheriff's Office is not a "person" subject to suit under § 1983. *See Dowdy v. Shelby Cnty. Sheriff's Office*, No. 18-2310, 2019 WL 3948110, at *2 (W.D. Tenn. Aug.

3

21, 2019); *Grace v. City of Ripley, Tenn.*, No. 2:16-cv-02395, 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) ("Since the Sixth Circuit's decision in *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").

Instead, claims brought against the SCSO are properly treated as claims against Shelby County. Shelby County may be held liable under § 1983 *only* if Harrington's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Harrington does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

Plaintiff's claims against the SCSO and Shelby County are dismissed for failure to state a claim to relief.

### B. Claims Against Officer White

Aside from the Exhibits' references to White (ECF No. 1-1 at PageID 3-4), the complaint itself does not make any allegations against him. (ECF No. 1 at PageID 1-2.) Plaintiff's insufficient manner of pleading fails to state a claim against White.

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Without question, Harrington's complaint does not comport with this basic pleading requirement. Moreover, pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented by an attorney." To the extent Harrington seeks for the Exhibits to serve as his § 1983 claims, his effort is not well taken because he did not sign the Exhibits as his allegations in this case pursuant to Fed. R. Civ. P. 11(a).

Furthermore, even if the Court were to liberally construe Harrington's complaint as incorporating the Exhibits' contents to suggest excessive force claims against White in his individual capacity, Harrington's complaint fares no better. The Eighth Amendment protects a convicted inmate from cruel and unusual punishments, including "the unnecessary and wanton infliction of pain." *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilson v. Seiter*, 501 U.S. 294 (1991).[1] Establishing an Eighth Amendment claim of excessive force requires a showing that: (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"; and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320-21).

---

[1] The record suggests that Harrington was a convicted prisoner at the time of the Incident, not a pretrial detainee. (*See* ECF No. 2-1 at PageID 8-10.) Therefore, any putative excessive force claims he might assert would arise under the Eighth Amendment's prohibition of cruel and unusual punishment. Its subjective standard applicable to convicted inmates takes into account a defendant's state of mind. *See Estelle*, 429 U.S. at 104.

5

Here, Harrington meets neither prong of this constitutional standard. First, nothing in the complaint or in the Exhibits suggests that White used objectively harmful force so as to constitute wanton infliction of pain. Second, Harrington alleges no facts that White acted maliciously or sadistically with the intent to cause harm. Therefore, Plaintiff has not sufficiently alleged an Eighth Amendment claim of excessive force -- aside from his Rule 8(a)(2) pleading deficiencies.

C. **Claims Alleging Inadequate Medical Care**

Harrington states that a physician has not treated him following the Incident. (ECF No. 1 at PageID 2.) He provides no details, such as putative injuries or involved Defendants.

Claims regarding the denial of adequate medical care are reviewed under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Seiter*, 501 U.S. at 297. Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

That is, an Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. The objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. The subjective component requires that jail officials

6

acted with the requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Seiter*, 501 U.S. at 302-03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. An official cannot be found liable under the Eighth Amendment unless he subjectively knows of excessive risk of harm to an inmate's health and disregards it. *Id.* at 837.

Harrington insufficiently pleads a claim for unconstitutional deprivation of medical care. First, nothing in his complaint or in the Exhibits offers facts suggesting any serious medical need. He does not describe any injuries he received during the Incident. Second, he has not demonstrated that any specific Defendant had a "sufficiently culpable state of mind" and acted with "deliberate indifference" to any of Plaintiff's Incident-related conditions. Instead, he simply states that he has not seen a doctor. Such contention does not satisfy the subjective prong of Eighth Amendment analysis. Harrington does not demonstrate either component of an Eighth Amendment claim for constitutionally inadequate medical care following the Incident.

### III.     **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint

would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). In this case, the Court grants Plaintiff leave to amend.

## IV. CONCLUSION

For all of the reasons explained above:

(1) The complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b); and

(2) Leave to amend is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment. The Court recommends that dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**SO ORDERED**, this 20th day of May, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
