IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| KEVIN VASHUN HARRINGTON,  )<br>  ) <br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>OFFICER WHITE,  )<br>  )<br>  Defendant.  )<br>  ) | No. 2:20-cv-02690-JTF-atc |

ORDER MODIFYING THE DOCKET,
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE (ECF NO. 8),
DENYING LEAVE TO AMEND,
DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE, AND
RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE
UNDER 28 U.S.C. § 1915(g)

On September 14, 2020, Plaintiff Kevin Vashun Harrington, who is presently incarcerated under booking number 18121533 at Shelby County Criminal Justice Center (SCCJC) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On September 16, 2020, the Court granted his motion to proceed *in forma pauperis*. (ECF No. 4.) On May 20, 2021, the Court dismissed the complaint for failure to state a claim to relief and granted leave to amend. (ECF No. 7 (Screening Order).) On June 3, 2021, Harrington timely filed an amended complaint, which is before the Court for screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

According to Harrington's amended complaint, he emerged from his SCCJC cell on August 16, 2020 to speak with a sergeant about showering during SCCJC's lockdown. (ECF No. 8 at

PageID 28.)  Before a sergeant arrived, there was "a brief exchange of words and threats from [Officer] White," after which Harrington "was sprayed with chemical agent freeze plus, body slammed, and dragged into my cell." (*Id*. (the Incident).)  Contrary to SCCJC policy, Harrington was not transported to SCCJC's medical facility immediately after being sprayed.  (*Id*.)  Instead, Harrington had to tell fellow inmates that he "was hurt," and they alerted SCCJC staff members who called a "code white." (*Id*. at PageID 28-29.)  Harrington was treated at SCCJC's medical office "for the chemical agent … [but not] for my injuries." (*Id*. at PageID 29-30.)  As of the date of his amendments, he has not seen a physician for his Incident injuries and is "still hurting." (*Id*.)

The amended complaint alleges claims for: (1) excessive force; and (2) White's "breach of contract of professionalism with the Shelby County Sheriff's Office [SCSO]." (*Id*. at PageID 30.)  Harrington names (1) Shelby County and (2) Officer White as Defendants.  Plaintiff seeks: (1) $500,000; and (2) Officer White's employment termination.  (*Id*. at PageID 29.)

## I.   LEGAL STANDARDS

### A.   Screening Requirements; Requirements To State A Claim Under § 1983

The Screening Order set forth the PLRA and § 1983 standards for screening Harrington's complaint.  (*See* ECF No. 7 at PageID 20-21.)  Those standards need not be reiterated here.

## II.   ANALYSIS

### A. Claims Against Shelby County

Harrington names Shelby County as a Defendant. (ECF No. 8 at PageID 27 & 28.)  Shelby County may be held liable under § 1983 *only* if Harrington's injuries were sustained pursuant to an unconstitutional custom or policy.  *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was

2

incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). As in his original pleading, Harrington's amended complaint still does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

Accordingly, Plaintiff's claims against Shelby County remain dismissed for failure to state a claim to relief.

### B. Claims Against Officer White

The Screening Order set forth the constitutional principles governing Harrington's excessive force claim against White. (*See* ECF No. 7 at PageID 22-24.) Harrington's amended complaint suffers from the same pleading defects as his original complaint. That is, he meets neither of the Eighth Amendment's prongs for an excessive force claim.

(1) First, as to the Eighth Amendment's objective prong, nothing in the amended complaint suggests that White used objectively harmful force so as to constitute wanton infliction of pain. Spraying an inmate with chemical spray is not *per se* a constitutional violation. *See*, *e.g.*, *Reid v. Purkey*, No. 2:06-cv-40, 2007 WL 646370, at *5 (E.D. Tenn. Feb. 26, 2007) (citing *Esters v. Steberl*, 93 F. App'x 711, 713 (6th Cir. Mar. 2, 2004). Pepper spray affords "an officer an effective nonlethal option to take custody of an individual." *Spates v Douglas*, No. 3:18-cv-1305, 2021 WL 780732, at *8 (M.D. Tenn. Feb. 26, 2021). The analysis of constitutionality for use of a chemical weapon turns upon the totality of the circumstances, including the prisoner's conduct

3

and the defendant's reasonable perception of the scenario. *Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994).

Referring vaguely to "a brief exchange of words and threats" that preceded the Incident, the amended complaint contains no factual allegations of fact which show (or from which to infer) that White's use of chemical spray was objectively harmful enough for Eighth Amendment purposes. For example, Harrington neither identifies his body parts that White sprayed, how long the chemical agent was deployed, how many times White activated the spray, or the putative injuries that Harrington sustained from it. The amended complaint distinguishes medical treatment "for the chemical agent" from medical care for Plaintiff's "injuries"; Harrington criticizes Defendants' failure to provide the latter. (ECF No. 8 at PageID 29-30.) Yet Harrington fails to describe what those alleged injuries were. Such circumstances would inform evaluation of the totality of circumstances for putatively excessive force in the context of chemical spray.

Similarly, the amended complaint is silent with respect to the nature of the "body slam[ming] and "dragg[ing] into [Plaintiff's] cell" that White undertook. (*Id*. at PageID 28.) Harrington's reference to a pre-Incident "exchange of words" with White is just as suggestive of an initially aggressive comment from Plaintiff as it is from White. Moreover, the Court is not in a position to second-guess the split-second judgment calls of correctional officers tasked with maintaining order and safety within correctional institutions. Returning inmates to their cells, such as Harrington suggests here, can be part of officers' institutional security duties.

In sum, the amended complaint does not sufficiently plead that White used objectively harmful force so as to constitute wanton infliction of pain.

Second, the amended complaint still fails to offer facts plausibly suggesting that White acted maliciously or sadistically with the intent to cause harm. Harrington seems to invite the

4

Court to make an inferential leap from a vaguely-referenced "exchange of words" between him and White to the conclusion that Defendant acted with a sufficiently culpable state of mind. The Court declines to do so. For example, nothing in the complaint suggests preexisting animosity between White and Plaintiff or one's provocation of the other leading up to the Incident. Unpleaded facts need not be conjured up by a court to save a complaint from dismissal, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); the burden of pleading facts that, if true, will support a constitutional violation lies with a plaintiff. Harrington has not carried that burden.

For all of these reasons, the amended complaint does not sufficiently allege an Eighth Amendment claim of excessive force.

### C. Claim Alleging Inadequate Medical Care

To the extent the amended complaint asserts a claim for deprivation of constitutionally adequate medical care, Harrington still fails to sufficiently allege a basis to relief. He states that a physician has not treated him following the Incident. (ECF No. 1 at PageID 2.) He provides no details. He leaves the Court with no facts from which to reasonably infer a showing of either prong of his Eighth Amendment claim.

First, nothing in the amended complaint suggests any serious medical need after the Incident. Harrington still does not describe the injuries he allegedly incurred. (*See* ECF No. 7 at PageID 24-25; ECF No. 8 at PageID 28-30.)

Second, as noted *supra*, he has not demonstrated that any Defendant had a "sufficiently culpable state of mind" and acted with "deliberate indifference" to any of Plaintiff's Incident-related conditions. (*See* ECF No. 7 at PageID 24-25 ("[H]e simply states that he has not seen a doctor. Such contention does not satisfy the subjective prong of Eighth Amendment analysis").)

The amended complaint does not state a claim to relief for constitutionally inadequate medical care following the Incident.

### D. Claim For White's Breach Of Contract

Harrington claims that White "breached his contract of professionalism with the Shelby County Sheriff's Office." (ECF No. 8 at PageID 30.) His effort to state a § 1983 claim in this fashion is not well taken.

First, breach of contract claims arise under state law, not under § 1983. *See*, *e.g.*, *Eldridge v. Shelby Cnty., Tennessee*, No. 2:19-cv-02461, 2020 WL 1962988, at *2 (W.D. Tenn. Apr. 23, 2020).

Second, there is no basis for the Court's exercise of supplemental jurisdiction over the amended complaint's breach of contract claim. Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion on whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including 'values of judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted). Because all of the amended complaint's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Harrington's state law contract claim.

The amended complaint's breach of contract claim is dismissed pursuant to § 1367(c)(3).[1]

### III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). Since the Court has already afforded Plaintiff an opportunity to

---

[1] Additionally, the essential elements of a breach of contract claim under Tennessee law are: "(1) the existence of a contract; (2) breach of the contract, and (3) damages which flow from the breach." *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 513 (6th Cir. 1996). !'A contract 'must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties.'" *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (quoting *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local No. 3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)). To maintain an action as a third party beneficiary to a contract, the third party must show a valid contract was created based on "sufficient consideration between the principal parties." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001) (quoting *First Tenn. Bank Nat'l Ass'n v. Thoroughbred Motor Cars, Inc.*, 932 S.W.2d 928, 930 (Tenn. Ct. App. 1996)). Harrington fails to sufficiently plead the existence of a "contract of professionalism" between White and the SCSO. His mere invocation of the term "contract" is insufficient as a matter of law to show an agreement amounting to an enforceable contract between White and the SCSO to which Plaintiff was an intended third-party beneficiary.

amend his claims in this case, the Court finds that he should not be given another opportunity to do so again.

### IV.  APPELLATE ISSUES

The Court also considers whether it should allow Plaintiff to appeal this decision *in forma pauperis* if he seeks to do so.  A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  This rule provides that if the district court permits a party to proceed *in forma pauperis* in that court, that party may also proceed on appeal *in forma pauperis* without further authorization.  That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*."  Even so, if the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous.  *Id*.  On that basis, it would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants but finds enough merit to support an appeal *in forma pauperis*.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  In the end, the same considerations that lead the Court to dismiss this case for failure to state a claim also support the conclusion that an appeal would not be taken in good faith.

This Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith.  The Court thus **DENIES** leave to proceed on appeal *in forma pauperis*.  And so if Plaintiff appeals, he must pay the full

$505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## V.    NOTICE OF STRIKE RECOMMENDATION

The three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from affording *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ..., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." For § 1915(g) analysis of Plaintiff's future filings, if any, the Court recommends that the instant dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VI.    CONCLUSION

For all of the reasons explained above:

(1)  The amended complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b); and

(2)  Leave to amend is **DENIED**.

The Court recommends that dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**SO ORDERED**, this 19th day of July, 2021.

    *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE